IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JOHNNY LEE WITHERSPOON, | |
| Movant, | CIVIL ACTION NO.: 2:16-cv-64 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No. 2:00-cr-19) |
| Respondent. | |

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Johnny Lee Witherspoon, ("Witherspoon"), who is currently incarcerated at the United States Penitentiary in Atlanta, Georgia, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons which follow, I **RECOMMEND** this Court **DENY** Witherspoon's Motion and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Witherspoon a Certificate of Appealability and **DENY** Witherspoon *in forma pauperis* status on appeal.

**BACKGROUND**

After a jury trial, Witherspoon was convicted of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and possession of a controlled substance, in violation of 21 U.S.C. § 844. J., United States v. Witherspoon, 2:00-cr-19 (S.D. Ga. Nov. 1, 2000), ECF No. 63. The Honorable Anthony Alaimo sentenced Witherspoon to 293 months' imprisonment. Id. Witherspoon's sentence was calculated based on his designation as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), due to his seven prior convictions: three for strong armed robbery and four for assault and battery

of a high and aggravated nature ("ABHAN"). (Pre-Sentence Investigation Report ("PSI"), ¶¶ 45, 57–58); Sent. Hr'g Tr., United States v. Witherspoon, 2:00-cr-19 (S.D. Ga. Dec. 8, 2000), ECF No. 68, pp. 34–35. Witherspoon filed an appeal, and the Eleventh Circuit Court of Appeals affirmed his convictions and sentence. United States v. Witherspoon, 263 F.3d 170 (Table) (11th Cir. 2001). On May 2, 2016, Witherspoon filed this Section 2255 Motion, in which he asserts that he should be resentenced in light of the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). (Doc. 1.)

## DISCUSSION

Witherspoon asserts that his sentence was improperly enhanced because the Court used several "[p]redicate offenses invalidated by the residual clause to designate him as an armed career offender." (Doc. 1, p. 7.) Specifically, Witherspoon argues that, after the Supreme Court's decision in Johnson, his convictions for second degree burglary in South Carolina, burglary, and resisting arrest are no longer considered violent crimes. (Id.)

The Government argues that the Supreme Court's decision in Johnson is inapplicable to Witherspoon's Motion because his status as an armed career criminal was predicated on seven prior convictions, none of which Witherspoon challenges in his Motion. (Doc. 6, p. 3.)[1]

---

[1] The bulk of the Government's arguments are directed at Witherspoon's contention that he is "[n]o longer a career offender in light of Johnson[.]" (Doc. 1, p. 4.) Specifically, the Government asserts that Witherspoon's argument is unavailing because Witherspoon was sentenced as an armed career criminal and not a career offender. Furthermore, the Government argues that, even if Witherspoon were a career offender, the Supreme Court's decision in Johnson would not apply to the United States Sentencing Guidelines. (Doc. 6, p. 3.) However, it is clear from the bulk of Witherspoon's Motion that he is challenging his status as an armed career criminal under the ACCA and not as a career offender under the Sentencing Guidelines. (Doc. 1, p. 7.) Accordingly, the Court shall conduct its analysis as if Witherspoon had so argued. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). To the extent Witherspoon does seek to challenge his sentence based on his career offender status, this argument is unavailing because, as the Government notes, Witherspoon was sentenced under the ACCA and not the career offender provision of the United States Sentencing Guidelines. (PSI, ¶¶ 45,

**I.      Whether Witherspoon is Entitled to Relief Pursuant to <u>Johnson</u>**

Under the ACCA, any person who violates 18 U.S.C. § 922(g) and has on three or more occasions been convicted for a "serious drug offense" or "violent felony" will receive a mandatory minimum sentence of fifteen years' imprisonment.  18 U.S.C. § 924(e)(1).  "Serious drug offense" means "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law[.]"  18 U.S.C. § 924(e)(2)(A)(ii).  In <u>Johnson</u>, the Court explained that the ACCA:

> defines 'violent felony' as follows: 'any crime punishable by imprisonment for a term exceeding one year . . . that—'(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.'* § 924(e)(2)(B) (emphasis added).  The closing words of this definition, italicized above, have come to be known as the Act's residual clause.

___ U.S. at ___, 135 S. Ct. at 2555–56.  The Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process[.]"   ___ U.S. at ___, 135 S. Ct. at 2563.  However, the Court also emphasized that its "decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony."  <u>Id.</u>

In this Section 2255 Motion, Witherspoon attempts to challenge the violent felony designation of his convictions for second degree burglary in South Carolina, burglary, and resisting arrest.  Witherspoon argues that these three convictions were used to classify him as an armed career criminal under the ACCA's residual clause.  (Doc. 1, p. 7.)  However, as his PSI makes clear, the Court considered Witherspoon an armed career criminal based on his three prior

---

79); Sent. Hr'g Tr., <u>United States v. Witherspoon</u>, 2:00-cr-19 (S.D. Ga. Dec. 8, 2000), ECF No. 68, pp. 34–35.

3

convictions for strong armed robbery and four prior convictions for ABHAN—not the convictions Witherspoon lists in his Motion. (PSI, ¶¶ 45, 57–58.) Furthermore, the strong armed robbery convictions qualified as violent felonies under the "elements clause" and not the residual clause of the ACCA. A violent felony under the "elements clause" of the ACCA "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). While Witherspoon's ABHAN convictions do not qualify as violent felonies, Witherspoon's three convictions for strong armed robbery do.[2]

In South Carolina, strong armed robbery is defined as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." State v. Rosemond, 356 S.E.2d 636, 640 (S.C. Ct. App. 2002) (emphasis removed) (quotations and citations omitted).[3] After careful analysis, the Fourth Circuit Court of Appeals determined that, "[t]here is no basis for the conclusion that South Carolina [strong armed] robbery can be accomplished with force below the physical force threshold." United States v. Doctor, 842 F.3d 306, 312 (4th Cir. 2016). Accordingly, the Fourth Circuit held that strong armed robbery in South Carolina, "necessarily include[s] as an element the 'use, attempted use, or threatened use of physical force against the person of another[,]'" and, thus, qualifies as a violent felony under the elements clause of the ACCA. Id. (citing 18 U.S.C. § 924(e)(2)(B)(i)). Consequently, Witherspoon's three strong armed robbery convictions in South Carolina satisfy the requisite number of violent felonies necessary for designation as an armed career criminal under the ACCA. Furthermore, because

---

[2] The Fourth Circuit Court of Appeals established in United States v. Hemingway, 734 F.3d 323, 335 n.11 (4th Cir. 2013), that ABHAN was not a predicate violent felony in South Carolina because "South Carolina courts have interpreted ABHAN to include both forceful and nonforceful conduct[.]"

[3] Strong armed robbery and common law robbery in South Carolina "are synonymous terms for a common law offense whose penalty is provided for by statute." Id. (footnote omitted).

these convictions are violent felonies according to the elements clause of the ACCA, they remain undisturbed by the Supreme Court's decision in Johnson. See Johnson, ___ U.S. at ___, 135 S. Ct. at 2563 ("[Johnson] decision does not call into question application of the Act to . . . the remainder of the Act's definition of a violent felony.").

Thus, Witherspoon has the requisite qualifying predicate offenses under the ACCA. The residual clause had no bearing on his status as an armed career criminal, and thus, Johnson also has no effect on the resulting sentence. Witherspoon is not entitled to his requested relief, and therefore, I **RECOMMEND** the Court **DENY** his Motion.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Witherspoon leave to appeal *in forma pauperis* and a Certificate of Appealability ("COA"). Though Witherspoon has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (Emphasis supplied); see also Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Witherspoon's pleading, the Government's Response, and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Witherspoon a Certificate of Appealability, Witherspoon is advised that he "may not appeal the denial but may

seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** Witherspoon *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DENY** Witherspoon's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, and **DIRECT** the Clerk of Court to **CLOSE** this case. I also **RECOMMEND** that the Court **DENY** Witherspoon a Certificate of Appealability and **DENY** Witherspoon *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Witherspoon and Respondent.

    **SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA