IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 200-019 |
| | * | |
| JOHNNY LEE WITHERSPOON | * | |

O R D E R

Defendant Johnny Lee Witherspoon has filed a motion for reduction in sentence pursuant to the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). The Government opposes the motion. Upon due consideration of the parties' submissions, particularly Defendant's inmate medical records, the Court denies Defendant's request for relief.

The compassionate release provision provides a narrow path for a district court to grant release to a defendant if, after considering the factors set forth in 18 U.S.C. § 3553(a), it finds that "extraordinary and compelling reasons" warrant such relief and that release is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The applicable Policy Statement, in turn, provides that if the defendant is not a danger to the community, there are three specific categories of "extraordinary and compelling reasons" to grant relief: medical, age, and family

circumstances. U.S.S.G. § 1B1.13 & n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D).[1] Thus, the compassionate release provision imposes three conditions on granting a sentence reduction: the existence of extraordinary and compelling circumstances, adherence to Policy Statement § 1B1.13 (including a finding that the defendant is not a danger to the community), and support in the § 3553(a) sentencing factors. United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made.").

In this case, Defendant contends that his medical condition qualifies him for relief. Defendant reveals that he is taking

---

[1] The Eleventh Circuit Court of Appeals has held that district courts are bound by the definition of "extraordinary and compelling" set forth in Policy Statement § 1B1.13 and its application note. United States v. Bryant, 996 F.3d 1243 (11th Cir. 2021). Thus, the Court does not have discretion to consider other circumstances. To be clear, however, even if the Court had the discretion not to follow the Policy Statement, Defendant does not present an extraordinary and compelling reason warranting early release, and the Court would not exercise its discretion to release him upon weighing the sentencing factors of 18 U.S.C. § 3553(a), as discussed *infra*.

hydrochlorothazide, atorvastatin, and amlodipine for an unspecified medical condition; he claims the medication makes him more susceptible to a COVID-19 infection. (Doc. 97.) Defendant's inmate medical records, submitted by the Government, show that he has hypertension and hyperlipidemia and is overweight. (See generally Gov't Resp. in Opp'n, Doc. 98, Ex. A.) The Centers for Disease Control and Prevention ("CDC") has listed certain medical conditions that are more likely to make a person "severely ill" should he contract COVID-19. See Centers for Disease Control & Prevention, *Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on December 1, 2021). Obesity and possibly hypertension appear on this list, but that does not necessarily equate to an "extraordinary and compelling" reason to grant compassionate release. In fact, Section 1B1.13 indicates that a medical condition is considered serious only if it "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii), cited in Giron, 15 F.4th at 1346. Defendant has not made any showing that he satisfies these criteria. Finally, Defendant's most recent examination shows that he is feeling well, exercising, and eating appropriately with normal pulmonary, cardiovascular, neurological, and

3

musculoskeletal systems. (Gov't Resp. in Opp'n, Ex. A at 1-2 – Examination Date of Nov. 3, 2021.)

Importantly, the Court notes that the potential risk to Defendant at FCI Ray Brook has been dramatically reduced in present times. The BOP reports that there are currently no inmates and only 4 staff members with active cases of COVID-19. See https://www.bop.gov/coronavirus/index.jsp (last visited December 1, 2021). Moreover, Defendant has been vaccinated against the COVID-19 virus. (Gov't Resp. in Opp'n, Ex. A at 55.) The Court therefore concludes that Defendant's risk of exposure to COVID-19 and to any potential adverse effects has been reduced to a minimum. In short, Defendant has failed to show that his medical condition constitutes an extraordinary and compelling reason to warrant early release under Policy Statement § 1B1.13.[2]

Even assuming Defendant's medical condition was sufficiently serious to warrant consideration of release, the relevant sentencing factors of § 3553(a) do not weigh in his favor. The Court finds that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. Defendant has an extensive criminal history and is considered an

---

[2] See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021) (stating it is movant's burden to show that his circumstances warrant a sentence reduction under § 3582(c)(1)(A)).

4

armed career criminal.  He has violated his probation or parole several times, thus remaining undeterred from criminal conduct. Notably, the prison has sanctioned Defendant twice in the last 21 months for possession of drugs or alcohol.  (Gov't Resp. in Opp'n, Ex. B.)  The Court concludes that release at this point would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence.

Upon the foregoing, Defendant Johnny Lee Witherspoon's motion for compassionate release (doc. 97) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of December 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA